IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HEATHER MCFARLAND,** : | |
| : | Case No. 2:20-cv-02188 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Deavers |
| **ETHICON, INC., et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants Ethicon, Inc. and Johnson & Johnson's Motion for Partial Summary Judgment.  Doc. 26.  The matter is fully briefed, and the Court will resolve the Motion without oral argument.  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion [#26].

**II. BACKGROUND**

Plaintiff Heather McFarland is amongst a group of litigants in this MDL action who have brought suits against Defendants for injuries stemming from Defendants' medical devices. Specifically, Plaintiff had implanted in her a device known as TVT-SECUR, a product aimed at treating stress urinary incontinence in women.  Unbeknownst to Plaintiff, however, this device allegedly had several defects and was not safe for its intended purpose.  The Master Complaint in this case raises eighteen claims:[1]

---

[1] The Master Complaint in this MDL action controls all cases filed throughout the United States. Consequently, the claims raised in the Master Complaint are not tailored to each jurisdiction in which the

1

**Count One:** Negligence;

**Count Two:** Strict Liability – Manufacturing Defect;

**Count Three:** Strict Liability – Failure to Warn;

**Count Four:** Strict Liability – Defective Product;

**Count Five:** Strict Liability – Design Defect;

**Count Six:** Common Law Fraud;

**Count Seven:** Fraudulent Concealment;

**Count Eight:** Constructive Fraud;

**Count Nine:** Negligent Misrepresentation;

**Count Ten:** Negligent Infliction of Emotional Distress;

**Count Eleven:** Breach of Express Warranty;

**Count Twelve:** Breach of Implied Warranty;

**Count Thirteen:** Violation of Consumer Protection Laws;

**Count Fourteen:** Gross Negligence;

**Count Fifteen:** Unjust Enrichment;

**Count Sixteen:** Loss of Consortium;

**Count Seventeen:** Punitive Damages; and

**Count Eighteen:** Discovery Rule and Tolling.

All claims except for Count Sixteen apply to Plaintiff.  *See* Doc. 1.

---

individual cases are brought.  Instead, plaintiffs file a Short Form Complaint, consisting of a checklist, where they indicate which claims from the Master Complaint are asserted in their individual cases.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that a court may grant summary judgment if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In analyzing a motion for summary judgment, the court must evaluate "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### IV. ANALYSIS

Defendants move for summary judgment on Counts One (Negligence), Two (Strict Liability – Manufacturing Defect), Three (Strict Liability – Failure to Warn), Four (Strict Liability – Defective Product), Six (Common Law Fraud), Seven (Fraudulent Concealment), Eight (Constructive Fraud), Nine (Negligent Misrepresentation), Ten (Negligent Infliction of Emotional Distress), Eleven (Breach of Express Warranty), Twelve (Breach of Implied Warranty), Thirteen (Violation of Consumer Protection Laws), Fourteen (Gross Negligence), and Fifteen (Unjust Enrichment) of the Complaint. With respect to Counts One, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen, Defendants argue that these claims are abrogated by the Ohio Product Liability Act. Regarding Count Three, Defendants contend that Plaintiff's claim fails as a matter of law because she cannot establish the causation element for a failure to warn. On Count Two, Defendants assert that Plaintiff has no evidence to support the position that the TVT-SECUR medical device deviated from an objective standard or Defendants' own

3

specifications.  Finally, concerning Count Four, Defendants maintain that there is no such cause of action as Strict Liability – Defective Product.

### A. Whether the Ohio Product Liability Act Abrogates Plaintiff's Claims

First, Defendants argue that the Court should dismiss Plaintiff's claims in Counts One (Negligence), Six (Common Law Fraud), Seven (Fraudulent Concealment), Eight (Constructive Fraud), Nine (Negligent Misrepresentation), Ten (Negligent Infliction of Emotional Distress), Eleven (Breach of Express Warranty), Twelve (Breach of Implied Warranty), Thirteen (Violation of Consumer Protection Laws), Fourteen (Gross Negligence), and Fifteen (Unjust Enrichment) because they are abrogated by the Ohio Product Liability Act.  Plaintiff's response in opposition to Defendants' Motion for Partial Summary Judgment did not address this argument.  The Court thus presumes that Plaintiff concedes these claims are subject to dismissal.  *See* O.R.C. § 2307.71(B) ("Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action."); *Mitchell v. Proctor & Gamble*, 2010 WL 728222, at *5 (S.D. Ohio Mar. 1, 2010) (dismissing consumer protection violations under the OCSPA as abrogated by the OPLA); *Leen v. Wright Med. Tech., Inc.*, 2015 WL 5545064, at *2 (S.D. Ohio Sept. 18, 2015) (dismissing unjust enrichment claim as abrogated by the OPLA). Accordingly, Counts One, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen of the Complaint are **DISMISSED**.

### B. Whether Plaintiff has Established a Cause of Action for a Failure to Warn

Next, Defendants argue that the Court should dismiss Count Three of Plaintiff's Complaint (Strict Liability – Failure to Warn) because Plaintiff has not established a causal connection between the alleged failure to warn and her injury.  To prevail on a failure to warn claim under Ohio law, a plaintiff must prove three elements: (1) a duty to warn against reasonably foreseeable

4

risks; (2) breach of this duty; and (3) an injury that is proximately caused by the breach. *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 514 (6th Cir. 2003). Defendants emphasize that Dr. Samuel Milroy, Plaintiff's treating physician, testified that additional warnings would not have changed his decision to prescribe Plaintiff with TVT-Secur and that he stands by that decision to this day. *See* Doc. 26-1 at 3-4 (Deposition of Dr. Samuel Milroy).

Notwithstanding the above, Plaintiff argues that the credibility of Dr. Milroy's testimony is an issue for the jury to decide. Further, Plaintiff contends that had Dr. Milroy known about the issues surrounding TVT-Secur, he would have then provided this information to Plaintiff which, in turn, would have led her to turn down the medical procedure.

Here, the Court finds a genuine issue of material fact surrounding whether Defendants' alleged failure to warn about the dangers of TVT-Secur was the proximate cause of Plaintiff's injury. Courts have found that where additional information from a treating physician would have dissuaded a patient from moving forward with a medical procedure, this is sufficient to defeat summary judgment, despite the doctor's recommendation. *See, e.g., Mathews v. Novartis Pharms. Corp.*, 2013 WL 5780415, *11 (S.D. Ohio Oct. 25, 2013) ("In the Court's view, Mathews's deposition testimony is sufficient to create a genuine issue of material fact about whether his use of the drug was caused by the allegedly inadequate warning. A reasonable jury could find that if NPC had disclosed the risk of ONJ, Dr. Gordon would have discussed the risk with Mathews, and Mathews would have refused to take Aredia® unless and until he actually developed skeletal complications from his cancer."). And, Dr. Milroy testified that there was information about TVT-Secur which, if known, he would have passed along to Plaintiff:

**Q: Have you ever heard that the mesh may shrink after implantation?**
A: No

> **Q: If you were told that the mesh may shrink up to 50 percent after you implanted the mesh in a patient, would that be information that you would have wanted to know prior to the procedure?**
>
> A: Yes
>
> . . .
>
> **Q: Would that be information that you would relay to your patient prior to putting in the mesh in your risk-benefit conversation?**
>
> A: Sure.  Absolutely. . . .
>
> **Q: And after informing a patient of that, if the patient told you in that instance, "Doctor, you know, I don't want to undergo that – if that shrinkage may put me at an increased risk for urinary retention, I don't want to undergo the procedure," she wouldn't have to undergo that procedure?**
>
> A: No
>
> . . .
>
> **Q: If you were told polypropylene is not inert but it degrades or it can degrade, is that information that you would want to know prior to putting in mesh?**
>
> A: Yes.
>
> **Q: Why is that?**
>
> A: Does that mean would I like to know how long over a time frame it would degrade and -- and so forth, that way you can counsel the patient, "Hey, it's going to degrade in five years, ten years, fifteen years."
>
> **Q: That would be information that you would pass on to your patient, right?**
>
> A: Correct.

*See* Doc. 28-2 at 6 (Deposition of Dr. Samuel Milroy).  Accordingly, it would be improper at this stage of the proceedings to dismiss Count Three of the Complaint.  Rather, the question of whether Defendants' failure to warn about the dangers of TVT-Secur was the proximate cause of Plaintiffs' injuries is one for a jury to decide.  *See McNeil v. Wyeth*, 462 F.3d 364, 373 (5th Cir. 2006) ("Where the physician would have reasonably informed a plaintiff of the risks of a disease, had the label been sufficient, but fails to do so on that account, and where the plaintiff would have rejected the

6

drug if informed, the inadequate labeling could be a 'producing' cause of the injury, because it effectively sabotages the function of the intermediary."); *In re Meridia Liability Litig.*, 328 F. Supp. 2d 791, 811 (N.D. Ohio 2004) (The learned intermediary doctrine "does not shield drug manufacturers from liability if the warnings they provided to *physicians* would not permit the physicians to adequately advise their patients.").

### C.  Whether Plaintiff has Established a Cause of Action for Manufacturing Defect

Defendants also argue that the Court should dismiss Count Two (Strict Liability – Manufacturing Defect) of the Complaint because Plaintiff has not presented any evidence in support of this claim.  Plaintiff concedes that this claim should be dismissed.  Accordingly, Count Two of the Complaint is **DISMISSED**.

### D.  Whether Plaintiff can Assert a Cause of Action for Strict Liability – Defective Product

Finally, Defendants argue that the Court should dismiss Count Four of the Complaint because a claim for "Strict Liability – Defective Product" does not exist under Ohio law.  This makes sense considering such a claim would be duplicative of claims for Manufacturing Defect and Design Defect, both of which Plaintiff asserts separately.  In any case, Plaintiff did not address this argument in her responsive brief, thereby conceding that her claim is subject to dismissal. Accordingly, Count Four of the Complaint is **DISMISSED**.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Partial Summary Judgment [#26].  Counts One (Negligence), Two (Strict Liability – Manufacturing Defect), Four (Strict Liability – Defective Product), Six (Common Law Fraud), Seven (Fraudulent Concealment), Eight (Constructive Fraud), Nine (Negligent Misrepresentation), Ten (Negligent Infliction of Emotional Distress), Eleven (Breach of Express

7

Warranty), Twelve (Breach of Implied Warranty), Thirteen (Violation of Consumer Protection Laws), Fourteen (Gross Negligence), and Fifteen (Unjust Enrichment) are hereby **DISMISSED**.

This case will proceed to trial on Counts Three (Strict Liability – Failure to Warn), Five (Strict Liability – Design Defect), Seventeen (Punitive Damages), and Eighteen (Discovery Rule and Tolling).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 4, 2020**